# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|  |  |
|---|---|
| In re: | Chapter 13 |
| CARLO J. GENATOSSIO, JR. | Case No. 14-40502-MSH |
| Debtor |  |

**ORDER ON APPLICATION BY COUNSEL TO THE DEBTOR FOR COMPENSATION**

Philip M. Stone, counsel to the debtor, Carlo J. Genatossio, Jr., filed an application for compensation under 11 U.S.C. § 330(a) and MLBR 13-7(c) seeking the allowance of fees and expenses for representing the debtor not only in this chapter 13 case but also previously when the case was one under chapter 7. The question arises, can Mr. Stone be compensated with chapter 13 estate funds for services rendered and expenses incurred during the chapter 7 phase of this case?

Mr. Stone seeks an award of $9,572.50 in fees and $155.12 in expenses. His time entries, which are attached to his fee application, reflect that $4,192.50 in fees were incurred while the case was pending in chapter 7 and $3,680 in fees were incurred after the case was converted to chapter 13[1]. Mr. Stone did not provide any documentation or detail in his fee application to support the $155.12 in expenses for which he seeks reimbursement.

---

[1] A review of the time entries reveals that Mr. Stone has accounted for only $7,842.50 in fees, $1700 less than requested. According to the cover sheet accompanying Mr. Stone's fee application, he received payments from the debtor of $2,302.00, comprising a $1,700 "chapter 7 flat fee," $500 for "additional services rendered" and $102 for "first installment of c. 7 filing fee." I assume that the $1700 in fees for which Mr. Stone did not provide detailed time entries was the $1700 chapter 7 flat fee.

1

Section 330 of the Bankruptcy Code (which is title 11 of the United States Code) governs the award of compensation in bankruptcy cases. § 330(a)(1) provides:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103--
> 　　(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> 　　(B) reimbursement for actual, necessary expenses.

§ 330(a)(4)(B) deals specifically with chapter 12 and 13 cases and states:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

Some courts have held that, in light of the decision of the Supreme Court of the United States in *Lamie v. United States Trustee*, 540 U.S. 526 (2004), compensation and expenses incurred before a debtor's chapter 7 case converted to chapter 13 cannot be awarded in the chapter 13 case. *See, e.g., In re McDonald*, 2011 Bankr. LEXIS 5771, *3, (Bankr. S.D. Ga. Mar. 8, 2011); *In re Holbrook*, 2008 Bankr. LEXIS 1811, *3 (Bankr. E.D. Tenn. June 13, 2008); *In re Carey*, 2006 Bankr. LEXIS 141, *6 (Bankr. D.N.H. Feb. 1, 2006).

I disagree with the conclusion of these courts. *Lamie* was concerned only with the interpretation of § 330(a)(1). *See Lamie*, 540 U.S. at 538 ("[W]e hold that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327.") The fee request in this case is not governed by § 330(a)(1) but by §330(a)(4)(B). Indeed, the Court in *Lamie* noted that § 330(a)(4)(B) supported the proposition

2

that "[c]ompensation for debtors' attorneys in chapter 12 and 13 bankruptcies . . . is not much disturbed by § 330 as a whole." *Id.* at 537.

In *In re Bottone*, 226 B.R. 290, 297 (Bankr. D. Mass. 1998), a pre-*Lamie* case, Judge Boroff of this court considered the application of § 330(a) in converted cases. While *Lamie* overrules *Bottone's* interpretation of §330(a)(1)(A), Judge Boroff's explication of § 330(a)(4)(B) remains as compelling and relevant as ever and I endorse it. As Judge Boroff explains:

> At first blush, the applicability of § 330(a)(4)(B) to a claim arising under Chapter 7 is easy to overlook. However a close reading of that subsection reveals that its coverage does include the Legal Fee sought by the Claimant. Nothing in § 330(a)(4)(B) excludes from its scope a claim for legal services rendered in the Chapter 7 case from which the Chapter 13 case was converted. And, nothing in § 330(a)(4)(B) conditions the allowance of such a claim by whether it would have been allowable in the prior Chapter 7 case. Section 330(a)(4)(B) in no way distinguishes in terms of where the claim arose, but only limits the context in which the claim is asserted. The debtor's counsel's claim must be asserted in a Chapter 13 case.

*In re Bottone*, 226 B.R. 290, 297 (Bankr. D. Mass. 1998).

Thus § 330(a)(4)(B) permits counsel for a chapter 13 debtor to seek an award of fees and expenses "for representing the interests of the debtor in connection with the bankruptcy case" even when a portion of the fees and expenses were incurred when the case was previously pending in chapter 7. *See* § 330(a)(4)(B).

Although Mr. Stone may seek compensation for both chapter 7 and chapter 13 services and expenses he must of course comply with all applicable requirements for submitting requests for such compensation. The $155.12 in expenses for which he seeks reimbursement are not broken down by type or otherwise detailed and thus must be disallowed. *See* MLBR 2016-1(a)(2)(E) and (F). Additionally, Mr. Stone's fees will be reduced by $500, as he agreed to this reduction during the July 8, 2015, hearing on his fee application in response to the United States

3

Trustee's concerns about time Mr. Stone spent drafting and prosecuting a motion to strike that was ultimately denied.

Regarding the remaining fees sought by Mr. Stone, I note that Mr. Stone's application for compensation does not consistently indicate the name or initials of Mr. Stone's paralegal in connection with daily time entries, nor does it provide the total amount of fees charged by each of Mr. Stone and his paralegal as required by MLBR 2016-1(a)(2)(A), (B) and (D). Nevertheless, considering the hourly rates charged by Mr. Stone and his paralegal, the number of hours billed by them and the other factors to be considered under § 330(a)(4)(B), I find fees of $9,072.59 to be reasonable. *See Berliner v. Pappalardo (In re Sullivan)*, 674 F.3d 65, 68-69 (1st Cir. 2012) (setting forth the factors to be consider when applying § 330(a)(4)(B)).

Counsel's application for allowance of compensation [#89] is therefore ALLOWED in the amount of $9,072.59 for fees with no reimbursement for expenses.

Dated: August 31, 2015         By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge